**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 23, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RUNE KRAFT,

     Plaintiff - Appellant,

v.

JESSE CLARK HATCH; STANLEY N.
HATCH; DOES 1-10,

     Defendants - Appellees.

_____

INLAND CONCRETE ENTERPRISES
INC. EMPLOYEE STOCK OWNERSHIP
PLAN,

     Plaintiff - Appellee,

v.

RUNE KRAFT,

     Defendant - Appellant,

and

KRAFT AMERICAS, L.P., a limited
partnership,

     Defendant.

-----------------------------

CALMAT CO.,

     Garnishee.

No. 20-2062
(D.C. No. 1:19-CV-00646-RB-CG)
(D. N.M.)

No. 20-2122
(D.C. No. 1:15-MC-00033-WJ)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

In Case No. 20-2062, Rune Kraft ("Kraft") appeals from the district court's dismissal of his declaratory judgment action against attorneys representing Oldcastle Precast, Inc. ("Oldcastle") in garnishment and interpleader proceedings against Kraft. In Case No. 20-2122, Kraft appeals from the district court's order in the garnishment action striking his Rule 11 motion for sanctions after the court had closed the case and warned him that further filings would be stricken. And in both appeals, Kraft contests orders imposing filing restrictions against him. Consolidating the appeals for procedural purposes only and exercising jurisdiction under 28 U.S.C. § 1291, we modify the filing restrictions and otherwise affirm the district court's rulings.

## BACKGROUND

In 2011, Inland Concrete Enterprises, Inc. ("Inland") obtained a default judgment in the amount of $3 million, along with an order granting over $500,000 in attorneys' fees and costs, against Kraft and Kraft Americas, L.P. ("KALP") in the

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2

U.S. District Court for the Central District of California ("the *Inland* judgment").[1] In 2015, Inland assigned its interest in the judgment to Oldcastle, which registered the judgment under 28 U.S.C. § 1963 in the U.S. District Court for the District of New Mexico and applied to garnish royalty payments that CalMat Co. ("CalMat") owed to KALP. The district court granted the application and issued a writ of garnishment, naming CalMat as the garnishee and KALP as the judgment debtor.

When Kraft learned of the garnishment, he filed a pro se demand that the writ be voided, claiming KALP had assigned its interest in the royalties to Kraft Americas Holdings, Inc. ("KAHI"). Because of the dispute over the royalties, CalMat filed an interpleader action against Oldcastle, Kraft, KALP, and KAHI. The district court then stayed the garnishment action pending the outcome of the interpleader action.[2]

While the interpleader action was pending, Kraft filed a declaratory judgment action against Oldcastle's attorneys and the clerk of court, seeking relief from the garnishment and claiming: (1) the attorneys committed fraud on the court and failed to serve him with filings; (2) the clerk improperly accepted their filings and failed to serve him with court orders; and (3) the *Inland* judgment was void. The district court dismissed the case for lack of subject matter jurisdiction. Kraft did not appeal.

---

[1] The judgment was ordered as a sanction for Kraft's litigation misconduct. *See Inland Concrete Enters., Inc. v. Kraft Americas, L.P.*, No. CV 10-1776-VBF (OP), 2011 WL 13209258, at *3-4 (C.D. Cal. May 12, 2011).

[2] When Kraft continued to submit filings in the garnishment action, the court directed the clerk to reject any further filings until the interpleader case was resolved.

Meanwhile, in the interpleader action, Kraft disclaimed any interest in the royalties from CalMat but attempted to represent KALP and KAHI pro se. The district court dismissed Kraft and warned him that the entities needed to retain counsel. When they failed to do so, the court dismissed them, leaving Oldcastle as the only defendant. Kraft continued submitting pro se filings, purportedly on behalf of KALP and KAHI, in which he contested the validity of the underlying *Inland* judgment and accused the other parties of misconduct. The court sanctioned him, proposed filing restrictions, and granted summary judgment for Oldcastle, declaring it the proper recipient of the royalties. Kraft objected to the filing restrictions and continued submitting filings on behalf of KALP and KAHI. The district court overruled the objections, struck the filings, and imposed filing restrictions. Kraft appealed pro se; we noted that the sanctions were appropriate, but we dismissed the appeal because he lacked standing to appeal the summary judgment order and failed to properly appeal the post-judgment rulings. *CalMat Co. v. Oldcastle Precast, Inc.*, 771 F. App'x 866, 869 (10th Cir. 2019).

Kraft then filed a second declaratory judgment action against Oldcastle's attorneys, reiterating his previous claims that the attorneys committed fraud on the court, that the *Inland* judgment was invalid, and that he was entitled to relief in the garnishment action. As with the first declaratory judgment action, the district court dismissed the case for lack of subject matter jurisdiction. The court also ordered Kraft to show cause why he should not be subjected to filing restrictions based on his abusive litigation history. Kraft objected to the proposed restrictions, and the court

4

overruled the objections and entered an order barring him from: (1) submitting further filings in the action other than objections to the filing restrictions, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis*, unless a licensed attorney admitted to practice in the court signed the proposed filing; and (2) initiating further litigation in the district court, unless a licensed attorney admitted to practice in the court signed the proposed initial pleading. After filing more objections, which the court overruled, Kraft appealed (Case No. 20-2062).

Shortly after filing restrictions were imposed in the second declaratory judgment action, the district court sua sponte lifted the stay in the garnishment action, concluded the interpleader action left nothing to be decided, and dismissed the case as moot. But Kraft continued to submit filings. The court denied the first two motions and warned him future filings would be stricken. Kraft then filed a notice and a Rule 11 motion for sanctions. The court struck the filings and proposed restrictions echoing those in the second declaratory judgment action. Kraft objected, and the court overruled his objections and imposed the restrictions. Kraft appealed (Case No. 20-2122).[3]

## DISCUSSION

In Case No. 20-2062, Kraft contends the district court erred in dismissing his second declaratory judgment action for lack of jurisdiction. In Case No. 20-2122, he contends the court erred in striking his Rule 11 motion. And in both appeals he

---

[3] Kraft also petitioned for a writ of mandamus, seeking vacatur of the orders in the garnishment action and leave to file a Rule 11 motion. We denied the petition.

challenges the filing restrictions entered against him.  Because he is proceeding pro se, we liberally construe his filings but do not craft arguments for him.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## I.    Case No. 20-2062

We review de novo the dismissal of Kraft's second declaratory judgment action for lack of subject-matter jurisdiction.  *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).  As the plaintiff, Kraft had the burden of establishing jurisdiction.  *See Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).  To determine whether he met his burden, we "look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction."  *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018) (internal quotation marks omitted).

In his complaint, Kraft raised seven causes of action seeking declaratory or injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. "The Declaratory Judgment Act does not extend the jurisdiction of federal courts; it only enlarges the range of remedies available."  *Prier v. Steed*, 456 F.3d 1209, 1212 (10th Cir. 2006) (internal quotation marks omitted).  Kraft thus needed to demonstrate an "independent basis of jurisdictional basis," *id.*, under either 28 U.S.C. § 1331 (federal question) or § 1332 (diversity).  And Kraft's complaint alleged *only* federal question jurisdiction under § 1331.  *See* R. (20-2062) vol. 1 at 7.

Jurisdiction exists under § 1331 if the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

6

depends on resolution of a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (internal quotation marks omitted). In declaratory judgment actions, "the position of the parties is often reversed:  the plaintiff asserts a defense to an anticipated action by the declaratory judgment defendant. . . .  Thus, federal question jurisdiction exists in a declaratory judgment action if the potential suit by the declaratory judgment defendant would arise under federal law." *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996).  As the district court observed, Kraft sought "declaratory judgments as a defense to the Garnishment Action filed by Defendants on behalf of Oldcastle."  R. (20-2062) vol. 1 at 195.  But "Defendants' only involvement in this matter [was] as counsel for Oldcastle," and it does not appear they "would have any potential claims against [Kraft] that would arise under federal law." *Id.*  The district court, therefore, concluded Kraft had not established federal question jurisdiction.

Kraft fails "to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015).  He "strongly disagrees with everything that has taken place at the district court" since Oldcastle filed the garnishment action, and he insists the underlying *Inland* judgment was void. Aplt. Opening Br. (20-2062) at 4.  But he does not address the court's reasoning in *this* case regarding federal question jurisdiction. *See Nixon*, 784 F.3d at 1366 (declining to address issues where the appellant failed "to explain what was wrong with the reasoning that the district court relied on in reaching its decision").  Instead, he contends the court had federal question jurisdiction because Oldcastle's attorneys

7

"are taking part in a fraudulent scheme to use federal courts without merit, and thus without subject matter jurisdiction, which started in California and they decided to transfer to New Mexico." Aplt. Opening Br. (20-2062) at 33-34. This argument is far too conclusory and unsupported to warrant review. *See Garrett*, 425 F.3d at 841.

Kraft also contends on appeal that the court had diversity jurisdiction under 28 U.S.C. § 1332 and, thus, erred in dismissing the action. But he did not allege diversity jurisdiction in his complaint, and he raised only federal question jurisdiction in opposition to the motion to dismiss, *see* R. (20-2062) vol. 1 at 64 (Response); *id.* at 149 (Surreply). In any event, he has not established diversity jurisdiction. *See U.S. for Use & Benefit of Gen. Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) (addressing and rejecting claim of diversity jurisdiction raised for the first time on appeal, where "the complaint refer[red] only to federal question jurisdiction").

Diversity jurisdiction requires "that complete diversity of citizenship exist[] between the adverse parties and that the amount in controversy exceed[] $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (internal quotation marks omitted). Kraft alleged that he resides outside the United States and that Oldcastle's attorneys reside in New Mexico, but he did not seek monetary damages or allege a specific amount in controversy. Instead, he alleged: (1) Inland obtained a $3 million benefit—as opposed the $3 million loss that it claimed—as a result of its dealings with Kraft; and (2) Oldcastle (not Oldcastle's attorneys) is trying collect on the *Inland* judgment by seeking to garnish funds owed to KALP (not Kraft). Construed

8

liberally, Kraft's complaint did not allege that "an adverse declaration" will have a "pecuniary effect" of at least $75,000 "on either *party* to the lawsuit." *City of Moore v. Atchison, Topeka, & Santa Fe Ry. Co.*, 699 F.2d 507, 509 (10th Cir. 1983) (emphasis added). Kraft thus has not shown the court had diversity jurisdiction.[4]

Kraft failed to contest the district court's conclusion regarding federal question jurisdiction and has not shown that the court had diversity jurisdiction. The court properly dismissed the action for lack of subject matter jurisdiction.

## II.    Case No. 20-2122

Next, Kraft contends the district court erred in the garnishment action by striking his Rule 11 motion, in which he challenged the validity of the proceeding. We review the court's ruling for abuse of discretion. *See Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020) ("District courts are afforded great discretion regarding control of the docket and parties." (internal quotation marks omitted)).

After the district court dismissed and closed the garnishment action as moot based on the result of the interpleader action, Kraft filed: (1) a motion for permission to file pleadings electronically; and (2) a motion for permission to file a Rule 11 motion, arguing the court erred in dismissing the garnishment action and accusing Oldcastle's attorneys as well as the court of misconduct. The district court denied the

---

[4] Kraft also argues the court had jurisdiction under 28 U.S.C. § 1367(a). But because the district court had no original jurisdiction, Kraft's complaint cannot be saved by this provision. *See* 28 U.S.C. § 1367(a) (authorizing supplemental jurisdiction in a civil action in which the district court has original jurisdiction).

9

first motion because the case was closed and there was "no need for [Kraft] to file subsequent pleadings of any kind—whether or not they are electronically filed." Supp. R. (20-2122) at 37. The court construed the second motion as seeking reconsideration of the dismissal and denied it on the merits. The court then warned Kraft "that further filings in this case will not receive the same attention given to the two motions discussed above, and instead, will be STRICKEN." *Id.*

Undeterred, Kraft filed: (1) a notice stating he did not need permission to seek sanctions; and (2) a Rule 11 motion, ostensibly seeking sanctions but reiterating his arguments regarding the validity of the garnishment action and the *Inland* judgment and demanding that Oldcastle's attorneys produce documents to refute his assertions. The district court struck the filings, noting "Kraft's conduct goes beyond simple ignorance and appears to be a deliberate disregard of th[e] Court's rules or Orders." R. (20-2122) at 137. The court proposed filing restrictions and gave Kraft an opportunity to object to the proposed restrictions. Kraft then objected not only to the proposed restrictions, but also to the order striking his Rule 11 motion and the earlier order denying his request to file such a motion. The court overruled the objections regarding Rule 11 sanctions as non-responsive.

Kraft has not challenged the court's reasoning for those rulings. *See Nixon*, 784 F.3d at 1366. Instead, he repeats the arguments in his Rule 11 filings, including his challenge to the validity of the *Inland* judgment—a judgment from a court outside

10

our jurisdiction that has long been final.[5] Kraft also repeats his argument that the district court lacked subject matter jurisdiction in the garnishment action. But he has not argued that Oldcastle failed to comply with 28 U.S.C. § 1963 when it registered the *Inland* judgment. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (noting arguments not raised in an appellant's brief are forfeited). And to the extent he challenges the writ of garnishment—either its initial issuance or the court's dismissal order, which stated the writ would issue as originally ordered—he lacks standing because the writ only named KALP as the judgment debtor. *See Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011) ("[T]o have standing on appeal, one must be aggrieved by the order from which appeal is taken." (internal quotation marks omitted)). *Cf. CalMat*, 771 F. App'x at 869 (holding Kraft lacked standing to contest the interpleader judgment on behalf of KALP and KAHI).

Accordingly, Kraft has failed to show that the court abused its discretion in striking his Rule 11 motion and overruling his subsequent objections.

## III. Filing Restrictions in Both Cases

Finally, Kraft contends the district court erred in imposing filing restrictions in Case Nos. 20-2062 and 20-2122. We review these orders for abuse of discretion. *See Tripati v. Beaman*, 878 F.2d 351, 354 (10th Cir. 1989).

---

[5] In addition to the present cases, Kraft sought, unsuccessfully, to collaterally attack the *Inland* judgment in an action against Oldcastle and Inland. *See Kraft v. Oldcastle Precast, Inc.*, 700 F. App'x 704, 704 (9th Cir. 2017).

11

Federal courts may "regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013) (internal quotation marks omitted). Filings restrictions "are appropriate where [1] the litigant's lengthy and abusive history is set forth; [2] the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and [3] the litigant receives notice and an opportunity to oppose the court's order before it is implemented." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007); *see also Landrith*, 732 F.3d at 1174.

Kraft does not contend the district court failed to either set out his litigation history or provide notice and an opportunity to object. Nor does he contend the court erred in imposing restrictions. Instead, he argues the restrictions are overly broad and do not provide a mechanism for him to proceed pro se in these or future cases.

The district court enjoined Kraft from submitting further pro se filings in the garnishment and declaratory judgment actions unless the filings were signed by a licensed attorney admitted in the district court. The court also "enjoined [him] from initiating further litigation in [the district court]," directing the clerk "to return without filing any initial pleading . . . unless a licensed attorney who is admitted to practice before [the district court] signs the pleading." R. (20-2062) vol. 1 at 206; R. (20-2122) at 157. To the extent the filing restrictions apply to *any* future litigation

that Kraft may attempt to initiate in the District of New Mexico, irrespective of the parties or subject matter, the restrictions are overbroad and require modification.[6]

Unlike "indiscriminate filers," restrictions for litigants "who have limited their repetitive filings to a particular subject" should be "limited to the subject matter of the previous lawsuits." *Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008). The record indicates Kraft's litigation abuses in the District of New Mexico have been limited to cases related to the *Inland* judgment and involving Inland, CalMat, and Oldcastle, as well as their counsel. Because "[t]his history does not (at least as yet) suggest that [Kraft] is likely to abuse the legal process in connection with other persons and subject matters," the restrictions are overbroad to the extent they encompass "*all* future *pro se* proceedings pertaining to *any* subject matter and *any* defendant." *Andrews*, 483 F.3d 1070, 1077 (10th Cir. 2007); *see also Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1345 (10th Cir. 2006) (holding the restrictions "on any subject matter and as to any defendant [was] overbroad" where the plaintiff "ha[d] not filed litigation against random persons or entities" but only "against the persons, entities, counsel, and insurance companies of the parties" in a particular matter). Accordingly, we conclude the future-litigation restrictions must be more narrowly tailored to apply only to any action related to the *Inland* judgment and

---

[6] Oldcastle's attorneys contend the order in the second declaratory judgment action "plainly limits the restrictions to *this case*." Aplee. Br. (20-2062) at 15. The order, however, not only enjoins Kraft "from making further filings in this case," but also "from initiating further litigation in [the district court]." R. (20-2062) vol. 1 at 206.

involving Inland, CalMat, Oldcastle, or any person or entity working for or on behalf of those entities, including their attorneys. *See Andrews*, 483 F.3d at 1077; *Sieverding*, 469 F.3d at 1346.

With this modification, we uphold the filing restrictions. Although Kraft insists there should be a mechanism for him to proceed pro se in the present actions and future litigation, the district court rejected this argument in the garnishment action and concluded that requiring a licensed attorney to sign proposed filings was "necessary and tailored to curb Kraft's litigation abuses." R. (20-2122) vol. 1 at 156. Kraft has not shown this ruling was an abuse of discretion. He cites no case requiring a mechanism to proceed pro se, and we know of no such authority. *See Andrews*, 483 F.3d at 1078 & n.9 (declaring "this court will not accept any further pro se appeals or original proceedings filed by [the plaintiff] related to the subject matter of these cases" without providing a mechanism for advance review of such pro se filings); *see also Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986) (prohibiting the litigant from filing in the district court any further complaints containing the same or similar allegations, without allowing for an advance-review mechanism). Accordingly, we affirm the filing restrictions as modified.

## CONCLUSION

The district court's judgments are affirmed. The orders imposing filing restrictions on Kraft are affirmed, except for the provisions of the orders enjoining Kraft from initiating further pro se litigation in the District of New Mexico; those provisions are modified to limit the restriction on further litigation to litigation

14

involving or related to the judgment entered against Kraft and KALP in *Inland Concrete Enterprises, Inc. v. Kraft Americas, L.P.*, No. CV-10-1776-VBF (OP) (C.D. Cal.), and involving Inland, CalMat, Oldcastle, or any person or entity working for or on behalf of those entities, including their attorneys. Kraft's motion to order the district court to clarify its filing restrictions in Case No. 20-2062 is denied.[7]

Entered for the Court

Allison H. Eid
Circuit Judge

---

[7] To the extent Kraft seeks clarification whether the filing restrictions apply to future litigation unrelated to this case, his motion is denied as moot based on our modification to the restrictions. To the extent he seeks clarification on the district court's citation to "Doc. 32 at 1-7," R. (20-2062) vol. 1 at 372, that refers to pages 1-7 of Docket Entry 32, in which the court detailed the history of Kraft's litigation.